IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID A. FINKENBINDER,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 6:12-cv-01049-HZ

OPINION & ORDER

Richard F. McGinty
MCGINTY & BELCHER, PC
P.O. Box 12806
Salem, OR 97309

    Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

Jeffrey R. McClain
SOCIAL SECURITY ADMINISTRATION
SSA Office of General Counsel

1 - OPINION & ORDER

701 5th Avenue
Ste. 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNANDEZ, District Judge:

      David A. Finkenbinder brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner").  The Commissioner determined Plaintiff was not disabled and denied his application for disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSIB") under Titles II and XVI of the Act, respectively.  For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

      Plaintiff was born on June 18, 1956, and at the time of his alleged disability onset date, January 2, 2008, was fifty-one years old.[1]  Tr. 22.  Plaintiff has a high school education and has completed two years of college.  Tr. 33.  Plaintiff also has prior work as a grounds worker at a government park and a customer service representative.  Tr. 59.

      On June 5, 2008, Plaintiff protectively filed for DIB and SSIB, alleging disability beginning on January 2, 2008.  Tr. 13.  Plaintiff's claims were initially denied on September 26, 2008.  Tr. 68, 73.  Administrative Law Judge ("ALJ") Cynthia W. Brown held a video hearing on January 27, 2010, in Birmingham, Alabama.  Tr. 13.  On March 25, 2010, the ALJ found Plaintiff not disabled.  Tr. 24.  Plaintiff requested a review of the ALJ's decision, but the Appeals Council issued an order denying Plaintiff's request for review on May 14, 2012, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-4.  This appeal followed.

---

[1] Based on his age, Plaintiff is defined as an individual closely approaching advanced age.  20 C.F.R. § 404.1563(d).

2 - OPINION & ORDER

## FACTUAL BACKGROUND

The parties are familiar with the medical evidence and other evidence of the record. Therefore, the evidence will not be repeated except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141. In step four, the Commissioner determines whether the claimant, despite any impairments, has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 2, 2008. Tr. 15, Finding 2. At step two, the ALJ found Plaintiff had the "following severe impairments: history of depression, history of personality disorder, history of polysubstance abuse, and the non-severe impairments of diabetes mellitus, history of hepatitis C, and obesity . . . ." Id., Finding 3. At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16, Finding 4.

At step four, the ALJ assessed Plaintiff as having the following RFC:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can concentrate on simple repetitive tasks for 2 hour periods in the course of a regular 8 hour workday. The claimant might show anxious distractibility if required to work in close quarters with others, but this effect would fade with exposure. The claimant can interact with the general public, but the contact should be brief, simple and non-confrontational. Supervision should be direct and non-confrontational, and changes in the workplace should be simple and implemented gradually.

Tr. 18, Finding 5.

At step five, the ALJ found Plaintiff was not disabled because jobs existed in significant numbers in the national economy that Plaintiff could perform, including the representative

occupations of order filler, night cleaner, and surveillance system monitor as set forth under the Dictionary of Occupational Titles ("DOT"). Tr. 23, Finding 10.

## STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted). The initial burden of proof rests upon the claimant to establish disability. Howard, 782 F.2d at 1486. To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff alleges the following assignments of error: (1) the ALJ improperly excluded the limitation that he would have to miss one day of routine duties per month as assessed by Eugene Fleece, Ph.D., a state medical consultant; and (2) the representative DOT occupations of order

5 - OPINION & ORDER

filler, night cleaner, and surveillance system monitor conflict with his RFC.[2]  Based on the reasons below, I conclude that the ALJ's non-disability determination was not erroneous.

## I. Fleece's Medical Opinion

Plaintiff contends that although the ALJ gave Fleece's opinion "substantial weight," he failed to include Fleece's conclusion that Plaintiff would miss a day of routine duties every month.  Tr. 22.  Defendant concedes the ALJ did not include that limitation, but argues that the ALJ's error was harmless.  I agree with Defendant.

An "ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination."  Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and internal quotations marks omitted).  Here, the evidence establishes that the ALJ's error was inconsequential to the ALJ's ultimate non-disability determination.  On September 25, 2008, Fleece concluded Plaintiff would "miss a day of routine duties monthly due to psych d/o."  Tr. 253.  Although the ALJ did not expressly include this limitation in Plaintiff's RFC, the ALJ specifically inquired about the "level of absenteeism [that] would be allowed" for the DOT occupations of order filler, night cleaner, and surveillance system monitor.  Tr. 62.  The ALJ answered that based on his "experience with employers," only a person "missing more than a day a month on a regular, consistent basis" would "cause [him] to lose [his] job."  Id.  Because the VE testified that only a person missing more than one day of work per month would lose his job as an order filler, a night cleaner, or a surveillance system monitor, the ALJ's error of excluding Fleece's conclusion that Plaintiff would only "miss a day of routine duties" per month was harmless and does not amount to reversible error.

/ / /

---

[2] Plaintiff did not file a reply brief.

6 - OPINION & ORDER

**II. Whether the DOT Occupations Conflict with Plaintiff's RFC**

Plaintiff asserts that the DOT occupations of order filler, night cleaner, and surveillance system monitor conflict with his RFC. Specifically, Plaintiff contends that the three DOT occupations the VE concluded he could perform conflict with his RFC because they do not "identify" what his "proximity" would be to other workers, whether they involve "direct and nonconfrontational" relationships with direct supervisors, or whether the rate of change is "simple" and gradually implemented. Opening Br., pp. 9-14. Plaintiff also contends that because the DOT order filler occupation is classified as having a specific vocational preparation ("SVP") level of 3, meaning that the occupation takes "[o]ver 1 month up to and including 3 months" to learn, it does not qualify as "simple" work. DOT 222.487-014, 1991 WL 672111. Plaintiff further contends that because the DOT order filler and surveillance system monitor occupations are classified as having RLs of 3, meaning that Plaintiff must be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . [and d]eal with problems involving several concrete variables in or from standardized situations", they do not qualify as "simple" work. DOT 222.487-014, 1991 WL 672111; DOT 379.367-010, 1991 WL 673244. Finally, Plaintiff maintains that because "the purpose of [surveillance system monitors] is to 'detect crimes and disturbances'[, it] is highly likely to involve contact with the public in extended, complex and confrontational interactions" and thus conflicts with his RFC.

Plaintiff's arguments are unavailing. If a claimant shows that he cannot return to his previous work, as here, the Secretary must show at step five of the sequential analysis that the claimant can do other kinds of work. Andrews v. Shalala, 53 F3d 1035, 1043 (9th Cir. 1995) (citation omitted). The Secretary may carry this burden by eliciting the testimony of a VE based

7 - OPINION & ORDER

on "a hypothetical that sets out all the limitations and restrictions of the claimant." Id. Although the hypothetical may be based on disputed evidence, "the assumptions in the hypothetical must be supported by the record." Id.

"[T]he best source for how a job is generally performed is usually the [DOT]." Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) (citations omitted). The DOT is presumptively authoritative regarding job classifications, but that presumption is rebuttable. Johnson v. Shalala, 60 F3d 1428, 1435 (9th Cir.1995). "[A]n ALJ may [not] rely on a [VE's] testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citations omitted). The ALJ must "ask the [VE] if the evidence he or she has provided is consistent with the [DOT] and obtain a reasonable explanation for any apparent conflict." Id.

According to DOT 222.487-014, 1991 WL 672111, an order filler "[f]ills customers' mail and telephone orders and marks price of merchandise on order form . . . [and] [r]eads order to ascertain catalog number, size, color, and quantity of merchandise." An order filler also "[o]btains merchandise from bins or shelves[,] [c]omputes price of each group of items[, and] [p]laces merchandise on conveyor leading to wrapping area." Id. The occupation is classified as having an SVP of 3 and an RL of 3. DOT 222.487-014, 1991 WL 672111.

A surveillance system monitor under DOT 379.367-010, 1991 WL 673244:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

8 - OPINION & ORDER

Like the DOT order filler occupation, the occupation of surveillance system monitor is also classified as having an RL of 3. See DOT 379.367-010, 1991 WL 673244.

Lastly, pursuant to DOT 599.684-010, 1991 WL 684614, a night cleaner:

> Cleans and sterilizes machinery, utensils, and equipment used to process or store products, such as chemicals, paint, food, or beverages: Turns valves to drain machines or tanks and disconnects pipes, using wrenches. Sprays machines, tanks, and conveyors with water to loosen and remove dirt or other foreign matter. Scrubs machines, tanks, tables, pans, bowls, compartments, and conveyors, using brushes, rags, cleaning preparations, and diluted acids. Rinses articles with water, and dries them with compressed air. Scrubs floors and walls, using brushes, rags, and diluted acids. Connects hoses and lines to pump and starts pump to circulate cleaning and sterilizing solution through hoses and lines. Scrubs interior of disconnected pipes, valves, spigots, gauges, and meters, using spiral brushes. Mixes cleaning solutions and diluted acids, according to formula. Draws off samples of cleaning solutions from mixing tanks for laboratory analysis. May replace defective sections of metal coils and lines, using handtools, soldering iron, and pipe couplings. May lubricate machinery. May be designated according to equipment cleaned as Beer-Coil Cleaner (any industry); Lard-Tub Washer (meat products); Line Cleaner (beverage; dairy products); Pipe Washer (dairy products). May sterilize equipment and be designated Equipment Sterilizer (dairy products).

Here, Plaintiff's argument erroneously assumes that issues not explained or expressly "identified" in the DOT–such as his "proximity" to others, his relationship with direct supervisors, and the rate of change in the workplace–necessarily mean that the representative DOT occupations conflict with his RFC. I find no authority–and Plaintiff does not cite any–requiring the DOT to "identify" every possible limitation a claimant could have, let alone holding that an ALJ's reliance on a DOT that does not expressly "identify" every one of Plaintiff's limitations is erroneous. Plaintiff's argument is speculative at best and accordingly, his argument fails.

Similarly, Plaintiff's argument that SVP and RL level 3 occupations do not qualify as "simple" work and his bald assertion that surveillance system monitors go beyond the limitation set forth in his RFC also fail. Plaintiff's own interpretations of the DOT occupations and his

9 - OPINION & ORDER

conclusory statements as to why they conflict with his RFC, by themselves, are simply insufficient to establish that the ALJ erred in this instance.

In addition to the above, Plaintiff's arguments also fail because the facts in the record show that the ALJ properly relied on the VE's testimony. The record shows that the ALJ provided the VE with a hypothetical incorporating all of Plaintiff's limitations and that the VE was aware of Plaintiff's limitations. Notably, Plaintiff does not specifically challenge the hypothetical presented to the VE insofar as this argument is concerned. The record shows that at the January 27, 2010, hearing, the ALJ presented the VE with a hypothetical individual incorporating Plaintiff's "age, education, and work experience". Tr. 59. The ALJ also presented a hypothetical individual with all of Plaintiff's "non-exertional limitations", including Plaintiff's ability to only "concentrate on simple, repetitive tasks for two-hour periods"; Plaintiff's "anxious distractability [sic] if required to work in very close quarters with numerous others"; and Plaintiff's ability to handle only "brief, simple, and non-confrontational" interactions with the general public, "direct and non-confrontational" interactions with supervisors, and simple changes "implemented gradually" in the work place. Tr. 60. In addition, the ALJ explicitly asked the VE whether his "testimony regarding job descriptions [was] consistent with the [DOT,]" and the VE replied that it was. Tr. 62. Because the evidence establishes that the ALJ incorporated all of Plaintiff's limitations in his hypothetical to the VE, the ALJ's reliance on the VE's testimony was proper and supported by substantial evidence.

Based on the record before me, I conclude that the ALJ properly relied on the VE's testimony that Plaintiff could perform the occupations of order filler, night cleaner, and surveillance system monitor as described in the DOT. The ALJ's ultimate disability determination was not legally erroneous.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated this 9 day of Sept, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

11 - OPINION & ORDER